## Standard Oil Co. v. City of Danville.

101    65
a199s  50

1. ORDINANCES—*Regulating the Storage of Petroleum and Like Explosive Oils.*—An ordinance making it unlawful to store petroleum, coal oil or other inflammable or explosive oils within a certain distance from buildings in quantities greater than five gallons, is a valid ordinance which a city has the power to pass under the provisions of Par. 65, Art. 5, Chap. 24, Revised Statutes.

**Suit for the Violation of an Ordinance.**—Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed February 19, 1902.

MABIN & CLARK, attorneys for the appellant.

J. H. LEWMAN, City Attorney, for the appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a suit by the appellee against appellant for the violation of an ordinance of the city to regulate and prevent the storage of coal oil, benzine, turpentine, petroleum

or other inflammable or explosive oils. Upon appeal from a justice of the peace a trial by jury in the Circuit Court ended in the conviction of appellant and a judgment for a fine of $25, to reverse which this appeal is brought and the reasonableness and validity of the ordinance is brought in question to effect such reversal. Under the evidence there is no reasonable doubt that the ordinance was violated by appellant and the only question for our decision is as to its reasonableness or validity.

The ordinance in question in legal effect provided that it shall be unlawful to keep or store petroleum, naphtha, benzine, gasoline, coal oil or any of the products of petroleum, or any inflammable or explosive oils, within the space of one thousand feet of any dwelling house, store room, building, barn, shed, or other like structure, in quantities greater than five barrels of fifty gallons each, at one time, prescribing a penalty of not less than $25 nor more than $100 for each offense. We think the ordinance in question was duly passed and published, notwithstanding the objections made against it in those respects.

The statute, paragraph 65, section 1, article 5, chapter 24, Revised Statutes, provides that the city council in cities shall have power to do just what the city council did by the passage of the ordinance in question. There can be no question the subject relates to the police power of the State in which the lives, health and comfort, and the safety of the property of all persons are concerned. It seems to us it would require a refinement of pedantry to produce arguments to sustain a proposition as plain as this. The judgment of the Circuit Court will be affirmed.